UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Kenneth L. Hatch,

                              Plaintiff,

     v.

Rent−A−Center, Inc. and
Rent−A−Center East, Inc.,

                              Defendants.

**Decision and Order**

17-CV-1051V

---

On November 14, 2018, defendants filed a motion for an order compelling certain discovery responses from plaintiff and awarding costs and fees. (Dkt. No. 15.) In short, defendants served plaintiff with a discovery notice and a notice of deposition on February 16, 2018 and never received a response. Plaintiff failed to respond despite a number of letters and phone calls from defendants during the course of the year. Plaintiff did not file a response to the motion.

At oral argument on December 13, 2018, defendants reported that plaintiff finally produced the discovery in question. The parties agreed that plaintiff's deposition needed to occur by January 4, 2019. The parties agreed further to extend any remaining pretrial deadlines by 90 days. As a result, the only issue that remained in play was defendants' request for costs and fees.

"If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Here, the Court concludes that a small award of costs and fees would be appropriate. Plaintiff's delay in responding appears not to have caused defendants any prejudice, and defendants have not made that assertion. Nonetheless, plaintiff did

not provide the discovery in question until after defendants filed the pending motion.  Plaintiff offered no rationale at all for the inability either to object or otherwise to respond to defendants' discovery notice and notice of deposition.  *Cf., e.g., Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 379 (S.D.N.Y. 2011) ("Because Plaintiffs proffer no substantial justification for failing to provide the requested documents, or argue that special circumstances make 'an award of expenses unjust,' Fed.R.Civ.P. 37(a)(5)(A), Defendants are entitled to recover the reasonable expenses incurred in making the motion.").  That inability required defendants to engage in unnecessary communications, motion practice, and court appearances.

Under the circumstances, plaintiff's counsel will reimburse defense counsel in the amount of $250.00, payable to defense counsel's firm.  In ordering this award, the Court is mindful that determining costs and fees usually requires using the "lodestar" method to calculate a reasonable hourly rate and then applying that rate to "factors including, but not limited to, the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 184 (2d Cir. 2008).  Here, though, the amount that the Court has deemed appropriate is small enough that it almost certainly is smaller than any estimate that defendants would submit.  Further proceedings over the amount would be counterproductive.

## CONCLUSION

The Court grants defendants' motion (Dkt. No. 15) in part to award costs and fees in the amount of $250.00, as defined above. The Court denies the motion in all other respects as moot.

The new pretrial deadlines, including the January 4, 2019 deadline for plaintiff's deposition, will issue in a separate scheduling order.

SO ORDERED.

__/s Hugh B. Scott_____
Hon. Hugh B. Scott
United States Magistrate Judge

DATED: December 20, 2018